IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLIE STAINBACK, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.  07-CV-3091 |
| RYAN DIXON, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's second Motion for Entry of Default Judgment [15], Defendant Throne's Response [19], and Defendant Throne's Motion to Vacate Order of Default [12].  The Court is proceeding with a Report and Recommendation as Plaintiff's Motion for Entry of Default Judgment [15] is dispositive in nature.

BACKGROUND

On May 14, 2007, when after being denied application to proceed *in forma pauperis* Plaintiff paid the required filing fee, the Complaint was formally filed herein [8].  However, due to an error in docketing, the Complaint was not actually e-filed until June 5, 2007.  On June 5, 2007, Defendants Dixon, Albrecht, and McFarland filed their Answer [9] which was technically one day late.  On June 6, 2007, Plaintiff filed a motion for default as to Defendant

Throne which was allowed. On June 12, 2007, Defendant Throne filed his Motion to Vacate Order of Default [12]. On June 21, 2007, Plaintiff filed his second Motion for Entry of Default Judgment [15] . Defendant Throne's Answer [17] to the Complaint was filed June 22, 2007, and his Response [19] to Plaintiff's second motion for default was filed June 28, 2007.

Pursuant to the waiver of service signed by Defendant Throne, his answer was due June 4, 2007. His Answer [17] was filed June 22, 2007 - a total of eighteen (18) days late.

Defendant Throne's response indicates that he has now appeared and is defending the case. Therefore, default isn't proper under Rule 55(a). Defendant Throne argues he is entitled to have the case decided on the merits. Defendant Throne additionally states that the Complaint misidentified the law enforcement department for which he works and that the waiver of service went to the wrong agency. Defendant Throne is basically saying that there was an administrative delay in getting the waiver of service and complaint to him and to counsel. Defendant Throne argues the brief delay between the due date and the appearance does not warrant the entry of default judgment.

ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion. O'Brien v. R.J. O'Brien & Assocs., Inc.,

998 F.2d 1394, 1398 (7th Cir., 1993). Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing. C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984). Herein, default judgment has not been entered, merely an entry of default has been entered. Defendant Throne has filed his answer at this time. Defendant Throne's failure to file a responsive pleading by June 4, 2007 has caused only a minimal delay herein. The Court does not see prejudice to the Plaintiff in allowing Defendant Throne's case to be litigated on its merits.

Herein, if default judgment had been entered, Defendant Throne under these facts would have grounds to move to vacate default under Rule 60(b) as he has shown good cause for the default, quick action to correct it, and a meritorious defense. See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir., 1991).

## CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's second Motion for Entry of Default Judgment [15] be DENIED and that Defendant Throne's Motion to Vacate Order of Default [12] be ALLOWED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten

(10) working days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 3rd day of July, 2007.

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE