IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLIE STAINBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3091 |
| | ) | |
| RYAN DIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motions for Summary Judgment (d/e 29 & 31). Plaintiff Charlie Stainback alleges that Defendants Ryan Dixon and Douglas McFarland, both Macoupin County, Illinois Sheriff's Deputies, used excessive force in arresting and handcuffing him. Stainback further alleges that Defendant Macoupin County Sheriff Donald Albrecht was present at the scene, observed the use of excessive force, and did nothing to stop the wrongful conduct. The Defendants now move for summary judgment. For the reasons set forth below, the Motions are allowed.

1

STATEMENT OF FACTS

On April 3, 2006, at about 9:30 p.m., Defendants went to the home of Al Bauza, located at 775 Mulberry, Royal Lakes, Illinois, to execute an arrest warrant on Stainback.[1]  Stainback does not dispute the validity of the warrant in this case.  When the officers came to the door, Stainback came outside.  The officers told him that they were taking him to jail.[2]  They asked if anyone could post $200.00 bond for him.  Stainback told them that his daughter who lived nearby would post the bond.  Defendant's Motion for Summary Judgment (d/e 31), Exhibit A, Deposition of Charlie Stainback (Stainback Deposition), at 32-33.  Stainback was 62 years old at the time of the arrest.  Id., at 8.

The officers then told Stainback to put his hands behind his back, but he did not do so.  Rather, he told the officers that he did not want to be handcuffed.  Id., at 35.  The officers handcuffed Stainback anyway.  The

---

[1] Sergeant Thomas Throne of the Bunker Hill, Illinois, Police Department was also present.  Stainback initially named Throne as a defendant, but subsequently voluntarily dismissed the claims against Throne.  Notice of Voluntary Dismissal (d/e 26); Order of Dismissal entered January 7, 2008 (d/e 27).

[2] For simplicity the Court refers to the Defendants as "the officers".  According to the evidence, Defendants Dixon and McFarland took all of the actions described herein.  Defendant Albrecht was present during the incident and observed Dixon and McFarland's actions, but did not personally participate.

officers grabbed both of Stainback's arms and put them quickly behind his back. Id., at 36, 74-75. Stainback asked the officers to remove the handcuffs because they hurt his shoulders. Id., at 38. The officers told Stainback that they would take them off in a few minutes.

The officers then placed Stainback in the rear seat of a squad car. Stainback essentially sat on his hands while in the squad car. Id., at 40. The officers drove Stainback to his daughter's house. She posted the $200.00 bond, and the officers released him and removed the handcuffs. Stainback was handcuffed 15 to 20 minutes. Id., at 43.

Stainback thereafter experienced pain in both shoulders. On June 8, 2006, MRI studies of both shoulders showed that Stainback had rotator cuff muscle tears in both shoulders. Plaintiff's Response and Objection to Defendants Dixon and McFarland's Motion for Summary Judgment (d/e 33) (Plaintiff's Response), Exhibit 1, SIU Physician & Surgeons Clinic Note, at 1.

At Stainback's deposition, defense counsel asked Stainback about how the officers hurt him:

> Q: No. I'm asking you when they put your arms behind you is there anything about that action that hurt you?

3

> A:   The way they did it I guess.

<u>Stainback Deposition</u>, at 37.  Defense counsel then asked Stainback if he could be more specific,

> Q:   Maybe I'll try to be more specific.  Anything besides just putting one arm behind your back and the other arm behind your back did they do?
>
> A:   I don't know, ma'am.
>
> Q:   You don't know.  Is there anything about the way that they put your arms behind your back that specifically caused you any injury?
>
> A:   I don't know ma'am.

<u>Id.</u>

## ANALYSIS

The Defendants now move for summary judgment.  At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to Stainback.  Any doubt as to the existence of a genuine issue for trial must be resolved against the Defendants.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Once the Defendants have met their burden, Stainback must present evidence to show that issues

of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). After careful review, the Court finds that Stainback has failed to present evidence of any excessive use of force. The Defendants are, therefore, entitled to summary judgment.

Excessive force claims are measured by using a standard of "objective reasonableness," in which the officer's actions are viewed from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Conner, 490 U.S. 386, 396-97 (1989). The use of force was unconstitutional if, "judging from the totality of circumstances at the time of the arrest, [the officers] used greater force than was reasonably necessary to make the arrest." Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir. 1987).

In this case, the officers were executing a warrant to arrest Stainback. There is no claim that the officers lacked probable cause. In effectuating the arrest, the officers handcuffed Stainback by placing his hands behind his back. They then seated him in the back seat of a squad car, drove him to his daughter's house, and released him after she posted the bond. The

entire incident took 15 to 20 minutes.

Stainback's only evidence regarding the amount of force used is his deposition testimony. He states that the officers moved his arms quickly behind his back when they handcuffed him. Under the totality of the circumstances in this case, moving Stainback's arms quickly is not excessive force. The officers had probable cause to arrest him pursuant to a warrant. It is not excessive force to handcuff a suspect who is being properly arrested. The officers asked Stainback to place his arms behind his back, and he did not comply. The decision to move Stainback's arms quickly rather than slowly was reasonable under the circumstances from the perspective of the reasonable officer at the scene.[3]

Stainback also complains that the officers refused to take the handcuffs off when he told them that his shoulders hurt. The officers stated that he would be released soon, and indeed, the entire incident only took 15 to 20 minutes. Since Stainback was properly arrested pursuant to a valid warrant, the decision to leave him in handcuffs for 15 to 20 minutes was

---

[3]Stainback presents some evidence that the officers sometimes handcuff a suspect with the suspect's hands in front rather than behind the suspect's back. See Plaintiff's Response, at 4, Additional Material Facts ¶¶ 3-7. Stainback, however, cites no authority for the proposition that handcuffing a person with his hands behind his back, rather than in front, constitutes excessive force, and the Court declines to so hold.

reasonable.

Stainback relies upon the decision of Payne v. Pauley for the proposition that,

> It was also well established that it was unlawful to use excessively tight handcuffs and violently yank the arms of arrestees who were not resisting arrest, did not disobey the orders of a police officer, did not pose a threat to the safety of the officers or others, and were suspected of committing only minor crimes.

Payne, 337 F.3d 767, 780 (7th Cir. 2003).[4]  This observation has no application to this case.  There is no evidence that the officers violently yanked Stainback's arms.  Stainback stated that the officers moved his arms quickly.  He did not state that they violently yanked his arms.  When defense counsel repeatedly asked Stainback if he could be more specific about what the officers did, he said, "I don't know ma'am."  Stainback has presented no evidence of excessive force.

Stainback argues that the officers must have used excessive force because Stainback suffered rotator cuff muscle tears in both arms.  First, it is unclear that Stainback has presented evidence that the arrest caused the muscle tears.  Beyond this, the Court must evaluate the officer's actions

---

[4]Stainback makes no claim that the officers placed the handcuffs on him too tightly.

7

from the perspective of the reasonable officer at the scene, not with 20/20 hindsight. Thus, the Court must focus on the information that the reasonable officer would have had at the scene. In this case, the officers had a valid warrant to arrest Stainback. They asked him if he could post a bond. He told them that his daughter could. They asked him to place his arms behind his back; he did not comply. When he did not comply, they quickly put his arms behind his back and handcuffed him. They drove him to his daughter's house, arranged for her to post the bond, and released him. He remained in handcuffs 15 to 20 minutes. Based on the information available at the scene, the Defendant officers' actions were reasonable. The MRI studies two months later that showed muscle tears did not change the information that was available at the scene. The Defendant officers acted reasonably under the circumstances. The officers are entitled to summary judgment.

THEREFORE, Defendants' Motions for Summary Judgment (d/e 29 & 31) are ALLOWED. Summary Judgment is entered in favor of Defendants Ryan Dixon, Douglas McFarland, and Donald Albrecht and against Charlie Stainback. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 18, 2008

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE